**UNITED STATES of America ex rel. Robert N. BUSZKA, Plaintiff,**

v.

**Allyn SIELAFF, Pennsylvania Commissioner of Corrections, et al., Defendants.**

**Civ. A. No. 73-472.**

United States District Court, W. D. Pennsylvania.

Nov. 26, 1974.

H. Kennedy Linge, PPG Industries, Pittsburgh, Pa., for plaintiff.

Geoffrey Paul Wozney, Asst. Atty. Gen., Pittsburgh, Pa., for defendants.

## MEMORANDUM

SCALERA, District Judge.

Plaintiff, Robert Buszka, asserts that he was improperly placed in solitary confinement for a period of 6 months commencing May 6, 1971 for the offense of having a knife concealed in his cell. Plaintiff asserts that this disciplinary action was improperly taken because he was denied his rights to procedural due process before the decision was made. He alleges that he was not informed of the charge against him until the hearing conducted on May 6, 1971 and that at this time he was only permitted to plead not guilty to the charge. He was not given an opportunity to respond to the charge or to confront his accusers. He further asserts that his case was not reviewed every thirty days, as defendants indicated it would be, during his period in solitary confinement.

Buszka asserts that as a result of such action, he lost his prison job, was denied access to rehabilitative programs, and that his opportunity for parole will be adversely affected.

He requests as relief that this court issue an injunction to restrain defendants from (1) denying him due process with respect to past and future hearings conducted concerning him; (2) denying him access to work in the penal institution; and (3) denying him access to rehabilitative programs.

Buszka is not entirely clear in his requests for relief whether he is asking that defendants be enjoined from denying him access to work and to rehabilitative programs in the future, or whether it is asking that these denials in the past as a result of his solitary confinement be enjoined. He states no facts in his complaint indicating that he was denied work or access to a rehabilitative program after his release from

solitary confinement, and, in fact, in his affidavit submitted in opposition to defendants' motion for dismissal, he indicates that he was involved in group and individual therapy during the last two months of his punitive segregation and that he has been unable to work since his release to the general prison population because he has been ill and in and out of the hospital..

■ With respect to his request that future denials of due process in regards to hearings conducted concerning himself be enjoined, he states no facts either in his complaint or in his affidavit indicating that he has been denied due process with respect to disciplinary proceedings conducted concerning himself since the hearing which is the basis of his complaint, or that he is likely to be denied due process in future hearings. Without such allegations and proof, this court cannot issue an injunction to prevent future violations. United States v. Hunter, 459 F.2d 205 (4th Cir. 1972.).

The issue here to be decided, as this court understands it, is whether this court can order expungement of Buszka's prison record concerning the entire episode to prevent it from affecting his opportunity for parole. We note this is the only relief which his attorney discusses in his brief in opposition to the motion to dismiss.

The government has filed a motion to dismiss on the basis that the complaint fails to state a claim upon which relief can be granted, and on the basis that the complaint is barred by laches and the statute of limitations contained in the Pennsylvania Act of 1713, March 27, 1 Sm.L. 76, § 1, 12 P.S. § 31.

The government contends that the complaint fails to state a claim upon which relief can be granted in that at the time Buszka was transferred to solitary confinement, prison officials were not required to extend due process to prisoners before deciding to penalize them for infractions of the prison rules. They argue that due process rights do not affect disciplinary action taken prior

to the articulation of the duty to extend these rights.

The attorney for Buszka argues that Gray v. Creamer, 465 F.2d 179 (3d Cir. 1972) is retroactive with respect to claims for injunctive relief, particularly with respect to request for expungement of prison records which Buszka here seeks, citing Jones v. Rundle, 358 F. Supp. 939 (E.D.Pa.1973).

The recent decision of the United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) settles this question. Although the court held that disciplinary proceedings in the Nebraska Penal and Correctional Complex did not meet the minimum requirements of procedural due process to which prisoners are entitled before they may be penalized for infractions of the prison regulations, and went on to specifically enumerate these rights, it reversed the Court of Appeals' determination that due process requirements in prison disciplinary proceedings applied retroactively and would require an expungement of prison records containing any determination of misconduct not made in accordance with later articulated due process requirements. The court held that the question of retroactivity of new procedural rules affecting past disciplinary action taken for infractions of prison rules had been effectively foreclosed by its decision in Morrisey v. Brewer, 408 U.S. 471, 92 S.Ct. 2093, 33 L.Ed.2d 484 (1972), in which the court held that the due process requirements enumerated in that opinion with respect to parole revocations were to be applied only to future revocations of parole.

■ It is thus clear that judicial determinations creating and expanding a prisoner's right to due process before he may be disciplined for prison breaches do not apply retroactively. We must consider the law at the time Buszka was transferred to solitary confinement.

The principle that a prisoner has the right to due process before being transferred from the general prison population to solitary confinement was articulated in Gray v. Creamer, supra; Biagi-

arelli v. Sielaff, 483 F.2d 508 (3d Cir. 1972); Braxton v. Carlson, 483 F.2d 933 (3d Cir. 1973); see Ford v. Board of Managers of New Jersey State Prison, 407 F.2d 937 (3d Cir. 1969); Gray v. Creamer, 329 F.Supp. 418 (W.D.Pa. 1971, decided August 14, 1972). The decision to place Buszka in solitary confinement was made on May 6, 1971, more than a year prior to the *Gray* decision.

█ Since prison officials were not required by case law or by statute to extend due process to prisoners before disciplining or punishing them for infraction of prison rules at the time the decision was made to transfer Buszka to solitary confinement, and since subsequent decisions creating due rights for prisoners in that context do not apply retroactively, Buszka's complaint that he was denied due process at the time disciplinary action was taken against him fails to state a claim upon which relief can be granted.

As we find Buszka's complaint fails to state a claim upon which relief can be granted, we do not need to determine whether this action would be barred by laches or the applicable Pennsylvania statute of limitations at law.

An appropriate order will be entered.